**J.B. HUNT TRANSPORT, INC.**                                                              **PLAINTIFF**

**v.**                                    **Case No. 5:26-cv-05053-DCF**

**HOUSTON CASUALTY COMPANY;**
**CHAUCER INSURANCE COMPANY DAC;**
**AND LLOYD'S SYNDICATE CHAUCER 1084**                              **DEFENDANTS**

## ANSWER

Houston Casualty Company, Chaucer Insurance Company DAC, and Lloyd's Syndicate Chaucer 1084 ("Underwriters"), for their answer to J.B. Hunt Transport, Inc.'s ("J.B. Hunt's") complaint for declaratory judgment, state:

1.      Underwriters lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint and therefore deny them.

2.      Underwriters admit only that Houston Casualty Company is an insurance company organized under the laws of the State of Texas and conducts insurance operations in the United States and internationally, including through its London Branch, which has its principal place of business in London, England.

3.      Underwriters admit only that Chaucer Insurance Company DAC is an insurance company incorporated in the Republic of Ireland, with its registered office in Dublin, Ireland.

4.      Underwriters admit only that Lloyd's Syndicate Chaucer 1084 underwrites insurance through its sole corporate member, Chaucer Corporate Capital (No. 3) Limited, a private limited company incorporated in England and Wales with its registered office in London, United Kingdom.

5.      Underwriters admit the allegations in paragraph 5 of the complaint.

6. Underwriters lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 6 of the complaint and therefore deny them.

7. In response to the factual allegations in paragraph 7 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself. Underwriters state that the remainder of paragraph 7 of the complaint contains legal conclusions to which no response is required and, to the extent a response is required, Underwriters deny those allegations.

8. Underwriters admit the allegations in paragraph 8 of the complaint.

9. Underwriters admit that J.B. Hunt is located within the Fayetteville Division of the Western District of Arkansas. Underwriters lack knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the complaint and therefore deny them.

## STATEMENT OF FACTS

*The Underlying Lawsuit*

10. In response to paragraph 10 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

11. In response to paragraph 11 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

12. In response to paragraph 12 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

13. In response to paragraph 13 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

14. In response to paragraph 14 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

15. In response to paragraph 15 of the complaint, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself.

16. Underwriters admit the allegations in paragraph 16 of the complaint.

17. Underwriters state that paragraph 17 of the complaint contains legal conclusions to which no response is required and, to the extent a response is required, Underwriters lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint and therefore deny them.

18. In response to paragraph 18 of the complaint, Underwriters affirmatively assert that the agreement attached to the complaint as Exhibit D speaks for itself.

19. Underwriters lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint and therefore deny them.

*The Policy*

20. Underwriters admit that J.B. Hunt is bound by the insurance contract referenced in paragraph 20 of the complaint. Underwriters lack knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 20 and therefore deny them.

21. In response to paragraph 21 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

22. In response to paragraph 22 of the complaint, Underwriters affirmatively assert that the insurance contract referenced in paragraph 22 of the complaint speaks for itself.

23. In response to paragraph 23 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

24. In response to paragraph 24 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

25. Underwriters deny the allegations in paragraph 25 of the complaint.

26. Underwriters deny the allegations in paragraph 26 of the complaint.

27. In response to paragraph 27 of the complaint, Underwriters affirmatively assert that the letter attached to the complaint as Exhibit E speaks for itself.

28. Underwriters deny the allegations in paragraph 28 of the complaint.

29. In response to paragraph 29 of the complaint, Underwriters affirmatively assert that the letter attached to the complaint as Exhibit E speaks for itself.

30. Underwriters deny the allegations in paragraph 30 of the complaint.

31. Underwriters deny the allegations in paragraph 31 of the complaint.

32. Underwriters deny the allegations in paragraph 32 of the complaint.

33. Underwriters deny the allegations in paragraph 33 of the complaint.

34. Underwriters deny the allegations in paragraph 34 of the complaint.

35. Underwriters deny the allegations in paragraph 35 of the complaint.

36. In response to paragraph 36 of the complaint, and to the extent that paragraph paraphrases the underlying complaint attached to the complaint as Exhibit C, Underwriters affirmatively assert that the underlying complaint attached to the complaint as Exhibit C speaks for itself. Underwriters deny the remaining allegations in paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, Underwriters affirmatively assert that the letter attached to the complaint as Exhibit E speaks for itself.

38. Underwriters deny the allegations in paragraph 37 of the complaint.

39. In response to paragraph 39 of the complaint, Underwriters affirmatively assert that the letter attached to the complaint as Exhibit E speaks for itself.

40. In response to paragraph 40 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

41. In response to paragraph 41 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

42. Underwriters deny the allegations in paragraph 42 of the complaint.

43. In response to paragraph 43 of the complaint, Underwriters affirmatively assert that the letter attached to the complaint as Exhibit F speaks for itself.

44. Underwriters deny the allegations in paragraph 44 of the complaint.

### COUNT I – DECLARATORY JUDGMENT

45. In response to paragraph 45 of the complaint, the preceding paragraphs of this answer are restated and incorporated by reference.

46. In response to paragraph 46 of the complaint, Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A speaks for itself.

47. Underwriters admit the allegations in paragraph 47 of the complaint.

48. Underwriters deny the allegations in paragraph 48 of the complaint.

49. Underwriters admit that J.B. Hunt has demanded coverage and deny the remaining allegations in paragraph 49 of the complaint.

50. Underwriters deny the allegations in paragraph 50 of the complaint.

51. Underwriters admit that J.B. Hunt has requested information but deny that J.B. Hunt has not received the information it requested and/or a "meaningful response".

52. Underwriters deny the allegations in paragraph 52 of the complaint.

53. Underwriters deny the allegations in paragraph 53 of the complaint.

54.     Underwriters admit that J.B. Hunt has purported to reserve its right to amend and affirmatively asserts that any right to amend is subject to Rule 15 of the Federal Rules of Civil Procedure.

55.     Underwriters deny the allegations in the WHEREFORE clause of the complaint and specifically denies that J.B. Hunt is entitled to the relief requested.

56.     Underwriters deny each and every allegation in the complaint that is not specifically admitted in this answer.

**DEFENSES**

57.     The complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state facts upon which relief may be granted.

58.     The complaint should be dismissed, and declaratory relief should be denied, because the requested relief would not terminate the uncertainty or controversy giving rise to J.B. Hunt's claim.

59.     The terms, definitions, exclusions, conditions, and limitations contained in the insurance contract attached to the complaint as Exhibit A, issued to J.B. Hunt and subscribed to by Underwriters, bar any and all claims by J.B. Hunt.

60.     Coverage under the insurance contract attached to the complaint as Exhibit A, if any, is limited to J.B. Hunt's liability in the underlying action to the extent that such liability is determined to arise from its services as a transportation broker.

61.     The insurance contract attached to the complaint as Exhibit A does not provide coverage to J.B. Hunt to the extent J.B. Hunt's conduct is alleged to constitute motor carrier activity, statutory employment, or the assumption of carrier-type operation control.

62. The insurance contract attached to the complaint as Exhibit A limits any potential indemnity to broker-only liability, properly characterized, and does not extend to liabilities that depend upon a finding that J.B. Hunt acted as (or assumed responsibilities akin to) a motor carrier or statutory employer, including, but not limited to, vicarious liability for the acts of a driver.

63. The Plaintiffs' claims in the underlying action fail to trigger coverage under the insurance contract attached to the Complaint as Exhibit A because the underlying action does not allege liability arising from transportation broker services within the meaning of the insuring agreement, but instead asserts motor carrier and statutory employment theories outside the scope of coverage.

64. To the extent coverage is otherwise established, Underwriters are not obligated to respond for any portion of J.B. Hunt's liability arising from actions or omissions that fall outside the scope of coverage, and Underwriters are entitled to apportion any liability as between covered and non-covered liability.

65. Underwriters affirmatively assert that J.B. Hunt has not exercised the utmost good faith in making claims against the insurance contract attached to the complaint as Exhibit A.

66. Underwriters affirmatively assert that J.B. Hunt has not taken reasonable steps to prevent or minimize any loss or claim which may be recoverable under the insurance contract attached to the complaint as Exhibit A.

67. Underwriters affirmatively assert that J.B. Hunt has not ensured that all rights against carriers and/or bailees and/or subcontractors and/or other third parties have been properly preserved and exercised.

68. Underwriters affirmatively assert that the insurance contract attached to the complaint as Exhibit A does not provide coverage for punitive or exemplary damages.

69. Underwriters affirmatively assert that the applicable law and public policy bars indemnification for punitive or exemplary damages regardless of any coverage that may exist for such damages under the insurance contract attached to the complaint as Exhibit A.

70. Underwriters affirmatively assert that, to the extent J.B. Hunt has not been legally obligated to pay any sums as damages, as required under the insurance contract attached to the complaint as Exhibit A, that contract does not provide coverage to J.B. Hunt.

71. The Plaintiffs' claims in the underlying action are barred, in whole or in part, by federal preemption under the Federal Aviation Administration Authorization Act. To the extent Plaintiffs' claims in the underlying action are preempted, Plaintiffs cannot establish legal liability, and no coverage obligation can arise under the Policy.

72. To the extent, if any, that J.B. Hunt seeks recovery based on coverage for losses sustained by entities that do not qualify as a named insured under the terms and conditions of the insurance contract attached to the complaint as Exhibit A, J.B. Hunt's claim is barred.

73. The insurance contract attached to the complaint as Exhibit A and subscribed to by Underwriters are excess of the limits of underlying insurance, including any self-insured retentions. To the extent that the full limits of said underlying insurance have not been paid, Underwriters have no duty or obligation under the contract issued on behalf of Underwriters.

74. Underwriters affirmatively assert that J.B. Hunt's claim is barred under the insurance contract attached to the complaint as Exhibit A due to J.B. Hunt's failure to comply with one or more conditions precedent to coverage.

75. J.B. Hunt's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction, the applicable statute of limitations, comparative fault, estoppel, laches, payment, release, res judicata, set-off, and waiver, to the extent applicable to the issues presented in this action.

76. Underwriters assert that any liability of J.B. Hunt for damages arising from the underlying action must be properly apportioned between covered and non-covered claims/causes of action. Underwriters are only liability for that portion of any judgment or settlement that arises from a covered claim under the Policy.

77. Underwriters specifically reserve the right to assert any and all additional affirmative defenses, defenses, cross-claims, counterclaims, or third-party claims which discovery may reveal to be appropriate.

WHEREFORE, Houston Casualty Company, Chaucer Insurance Company DAC, and Lloyd's Syndicate Chaucer 1084 request this Court to enter an order dismissing J.B. Hunt Transport Inc.'s complaint for declaratory judgment with prejudice and awarding them all other relief to which they are entitled.

R. Ryan Younger, Esq. (Ark. Bar No. 2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
ryounger@qgtlaw.com

and

Helen Franzese, Esq.
FORAN GLENNON (UK) LLP
10 Lloyd's Avenue – First Floor
London
EC3N 3AJ
England
+44 (0) 75 3889 7547 Telephone
hfranzese@foranglennon.co.uk

Anna Manalaysay, Esq.
FORAN GLENNON LLP
40 Wall Street, 54th Floor
New York, New York 10005
(212) 257-7113 Telephone
amanalaysay@fgpppr.com

*Attorneys for Defendants*