**J.B. HUNT TRANSPORT, INC.**                                              **PLAINTIFF**

**v.**                                    **Case No. 5:26-cv-05053-DCF**

**HOUSTON CASUALTY COMPANY;**
**CHAUCER INSURANCE COMPANY DAC;**
**AND LLOYD'S SYNDICATE CHAUCER 1084**                          **DEFENDANTS**

### DEFENDANTS, HOUSTON CASUALTY COMPANY, CHAUCER INSURANCE COMPANY DAC AND LLOYD'S SYNDICATE CHAUCER 1084'S, MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Defendants Houston Casualty Company, Chaucer Insurance Company DAC, and Lloyd's Syndicate Chaucer 1084 (collectively referred to as "Defendants" or "Underwriters"), for their motion to dismiss or, in the alternative, stay, state:

1.      Underwriters move to dismiss or, in the alternative, to stay the complaint brought by Plaintiff J.B. Hunt Transport Inc. ("J.B. Hunt" or the "Assured") seeking declaratory judgment under Logistics Operators Policy: 38675622AA (effective December 31, 2022 – December 31, 2023) (the "Policy").

2.      This action arises from an automobile accident that occurred on October 10, 2023, near Kayenta, Arizona, and a subsequent personal injury and wrongful death lawsuit filed against J.B. Hunt in the United States District Court for the District of Arizona (the "Underlying Action"). *See Chrystal Gee et al. v. J.B. Hunt Transport Inc. et al.*, No. 3:24-cv-8064-SMM (D. Ariz.).

3.      In the Underlying Action, the plaintiffs allege that a driver employed by Borderlanders, Inc. ("Borderlanders"), an outsourced motor carrier retained by J.B. Hunt, negligently operated a tractor-trailer that collided head-on with a vehicle carrying a family of five,

killing two adults and seriously injuring three minor children. Doc. 3 at 67-68 (¶¶ 25–29). The plaintiffs assert two theories of liability against J.B. Hunt, namely vicarious liability as a motor carrier and negligent hiring, supervision, entrustment, and retention as a transportation broker. *See* Doc. 3 at 69-70 (¶¶ 69, 70).

4. Underwriters have denied coverage to the extent J.B. Hunt's liability is based on its having acted, or being deemed to have acted, as a motor carrier. Doc. 3 at 90. As to potential broker-based liability under Clause 82, Underwriters have reserved their rights, explaining that any coverage obligation depends on whether liability is ultimately imposed for broker services and on how the underlying claims are resolved. Doc. 3 at 90.

5. Whether J.B. Hunt's liability, if any, arises from its "service as a transportation broker" in arranging transport by Borderlanders—or instead from conduct constituting motor-carrier activity, statutory employment, or assumption of carrier-type operational control—is a mixed question of fact and law that remains unresolved in the Underlying Action and is central to Underwriters' coverage analysis. *Chrystal Gee et al. v. J.B. Hunt Transport Inc. et al.*, No. 3:24-cv-8064-SMM, Doc. 176 (D. Ariz. Feb. 9, 2026).

6. Resolution of J.B. Hunt's potential liability in the Underlying Action has been further complicated, and indefinitely deferred, by the United States Supreme Court's pending decision in *Montgomery v. Caribe Transport II, LLC*, 146 S. Ct. 79 (2025).

7. Recognizing *Montgomery*'s potentially dispositive impact, J.B. Hunt moved to stay the Underlying Action, representing to the Arizona court that "[o]nce the Supreme Court issues its decision, either Plaintiffs' negligent hiring/broker negligence claim will be extinguished (i.e., preempted under the FAAAA), or the ruling will dictate the scope of issues for dispositive motions and trial proceedings in this case." *Chrystal Gee et al. v. J.B. Hunt Transport Inc. et al.*, No. 3:24-

cv-8064-SMM, Doc. 167 at 3 (D. Ariz. Jan. 20, 2026). The Arizona court granted the stay. *Id.*, Doc. 176 at 3 (D. Ariz. Feb. 9, 2026).

8. As of this filing, the Underlying Action remains stayed, with no pending dispositive motion, no developed factual record on liability, and no timeline for resolution.

9. The Declaratory Judgment Act provides that federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration[,]" not that they *must*. 28 U.S.C. § 2201(a) (emphasis added). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). Thus, this Court has "discretion to decide whether to entertain declaratory judgment actions." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995).

10. Under *Scottsdale Insurance Co. v. Detco Industries, Inc.*, 426 F.3d 994, 998 (8th Cir. 2005), all relevant factors point toward dismissal without prejudice or, at minimum, a stay.

11. Underwriters submit a memorandum in support of this motion, which is incorporated here in full by reference.

WHEREFORE, Houston Casualty Company, Chaucer Insurance Company DAC, and Lloyd's Syndicate Chaucer 1084 request the Court to dismiss this case without prejudice or, in the alternative, to stay the case pending the outcome of the Underlying Action.

R. Ryan Younger, Esq. (Ark. Bar No. 2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
ryounger@qgtlaw.com

and

Helen Franzese, Esq.
FORAN GLENNON (UK) LLP
10 Lloyd's Avenue – First Floor
London
EC3N 3AJ
England
+44 (0) 75 3889 7547 Telephone
hfranzese@foranglennon.co.uk

Anna Manalaysay, Esq.
FORAN GLENNON LLP
40 Wall Street, 54th Floor
New York, New York 10005
(212) 257-7113 Telephone
amanalaysay@fgpppr.com

*Attorneys for Defendants*

4